UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STATE OF FLORIDA,

    Plaintiff,

v.                                             Case No. 5:24-cv-150-TKW-MJF

CHRISTOPHER COTTRELL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Christopher Cottrell, a pretrial detainee confined at the Bay County Jail, has filed a second notice of removal of a state criminal prosecution from the Fourteenth Judicial Circuit Court in and for Bay County, Florida: *State v. Cottrell*, Case No. 2022-CF-1460. Doc. 1. Cottrell again seeks to remove his case pursuant to 28 U.S.C. § 1455 despite the fact that the District Court recently remanded this case back to the Florida court from which Cottrell attempted to remove it. Doc. 1 at 1. The District Court should remand this case to the Florida court from which Cottrell attempts to remove it.

## I. BACKGROUND

### A. Cottrell's State Criminal Case

On May 18, 2022, Cottrell was charged in Bay County Circuit Court Case No. 2022-CF-1460, with Uttering a False, Altered, Forged, or Counterfeit Bill in violation of Fla. Stat. § 831.09. *See* Doc. 1, Attach. (Information).

### B. Cottrell's First Notice of Removal

On June 3, 2024, Cottrell filed a notice of removal pursuant to 28 U.S.C. § 1455. *State of Florida v. Christopher Cottrell*, No. 5:24-cv-113-TKW-MJF (N.D. Fla). As grounds for removal, Cottrell stated that (1) the state court lacks jurisdiction to prosecute him because the counterfeit instrument was *federal* currency; (2) defense counsel is trying to mislead and deceive Cottrell; (3) Cottrell's case is being delayed unnecessarily; and (4) there is insufficient evidence to sustain a conviction. ECF No. 1 at 1–2.

On June 10, 2024, the undersigned recommended that the notice of removal be dismissed and the criminal case be remanded to the Fourteenth Judicial Circuit in and for Bay County, Florida. ECF No. 3. Cottrell filed an objection. ECF No. 4. On July 1, 2024, the District Court

adopted the recommendation, dismissed the notice of removal, and remanded the criminal case to the Fourteenth Judicial Circuit in and for Bay County, Florida. ECF No. 6.

On July 10, 2024, Cottrell sought clarification as to whether the dismissal was with prejudice. ECF No. 6. On July 12, 2024, the District Court denied the motion and concluded "The Court sees no need for clarification because the Report and Recommendation (Doc. 3) and the dismissal order (Doc. 5) clearly explain that there is no legal basis for Defendant's state criminal prosecution to be removed to federal court, and the Court cannot fathom any circumstance that would authorize removal in the future." ECF No. 7.

### C. Cottrell's Current Notice of Removal

Notwithstanding the District Court's prior finding that "there is no legal basis for Defendant's state criminal prosecution to be removed to federal court" and dismissal of the notice of removal, Cottrell filed a second notice of removal. As grounds for removal, Cottrell states that (1) the state court lacks jurisdiction to prosecute him because the counterfeit instrument was *federal* currency; (2) Cottrell's case is being delayed unnecessarily; (3) Florida's criminal statute is "overbroad and

unconstitutionally vague on its face"; (4) defense counsel is trying to mislead and deceive Cottrell; and (5) there is insufficient evidence to sustain a conviction. Doc. 1 at 1–2.

## II. DISCUSSION

Section 1455 provides:

> A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Removal of state-court criminal prosecutions is permitted only in limited circumstances, none of which are present in this case. *See* 28 U.S.C. §§ 1442, 1442a, 1443.

### A. Cottrell Fails to Satisfy 28 U.S.C. §§ 1442 and 1442a

Under 28 U.S.C. § 1442, in certain circumstances, a federal officer may remove a state criminal case to federal court. 28 U.S.C. § 1442(a).

Under § 1442a, a member of the armed forces of the United States who is charged in a state-court criminal prosecution may remove the case to federal court. 28 U.S.C. § 1442a. Because Cottrell is neither a federal officer nor a member of the armed forces, these provisions do not provide him with a basis to remove his criminal case to federal court.

**B.     Cottrell Fails to Satisfy 28 U.S.C. § 1443(1)**

Under 28 U.S.C. § 1443(1), a defendant may remove a state criminal prosecution to federal court when the defendant "is denied or cannot enforce in [the state courts] a right under any law providing for the equal civil rights of citizens of the United States. . . ." 28 U.S.C. § 1443(1).

"A valid section 1443(1) removal notice must satisfy a two-part test." *Georgia v. Daker*, 853 F. App'x 514, 516 (11th Cir. 2021) (citing *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001)). "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)). "The phrase 'any law providing for . . . equal civil rights' refers to laws 'providing for specific civil rights stated in terms of racial equality,' and does not include rights of 'general application available to all persons

or citizens.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). "Second, the petitioner must show that he has been denied or cannot enforce that right in the state courts." *Conley* at 1295.

Cottrell's rights under the First, Sixth, and Fourteenth Amendments—to a speedy trial, effective assistance of counsel, and due process—implicate broad constitutional guarantees of general application to all persons or citizens, rather than "rights implicating racial equality." *See Rachel*, 384 U.S. at 792 (Section 1443(1) does not apply to "the whole gamut of constitutional rights;" a defendant's reliance on broad constitutional provisions does not support removal under § 1443 when those provisions are not phrased in "the specific language of racial equality that § 1443 demands" (quotations omitted) (referring to the First Amendment and the Due Process Clause of the Fourteenth Amendment)); *Conley*, 245 F.3d at 1295–96 (the "right to a fair trial and equal protection of the laws" does not support a valid claim for removal under § 1443(1)). In other words, the rights Cottrell mentions that are protected by the First, Sixth, and Fourteenth Amendments apply regardless of the individual's race.

Cottrell also fails to satisfy *Rachel*'s second prong. This requires Cottrell to show that "he has been denied" an equal civil right under federal law "or cannot enforce that right in the state courts." S*ee Conley*, 245 F.3d at 1295. "Generally, the denial of the petitioner's equal civil rights must be 'manifest in a formal expression of state law.'" *Id*. at 1296 (quoting *Rachel*, 384 U.S. at 803). Cottrell's notice of removal cites to no formal expression of state law prohibiting him from asserting his constitutional rights in state court. "It is not enough to support removal under [section] 1443(1) to allege or show . . . that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." *Peacock*, 384 U.S. at 827.

Additionally, "section 1443(1) removal is improper where 'any denial of federal rights that might come to pass as the proceedings progressed could be redressed by direct review of the federal claims by the state appellate court and the United States Supreme Court or in other proceedings designed to remedy claims of unfair proceedings, denial of equal protection, and rights protected under [42 U.S.C. section 1983].'" *Daker*, 853 F. App'x at 518 (quoting *Conley*, 245 F.3d at 1298). It is impossible to know at this stage whether "the state trial court will find

[Cottrell] guilty if he is innocent." *See Peacock*, 384 U.S. at 827. If Cottrell ultimately were to be found guilty, he would be entitled to direct review of his conviction by the state appellate courts and, eventually, the United States Supreme Court. *See id.*; *Conley*, at 245 F.3d at 1298. Because Cottrell has multiple avenues to seek relief, he has not shown that the state courts "cannot enforce" his federal rights. *See Conley*, 245 F.3d at 1295, 1298.

In sum, Cottrell fails to satisfy *Rachel*'s first prong because the constitutional rights underlying his notice of removal are not stated in terms of racial equality; and Cottrell fails to satisfy *Rachel*'s second prong because he fails to show that he has been denied or cannot enforce those rights in state court. *See, e.g., Daker*, 853 F. App'x at 516–17; *State v. Weber*, 665 F. App'x 848 (11th Cir. 2016).

## C. Cottrell Fails to Satisfy 28 U.S.C. § 1443(2)

Under 28 U.S.C. § 1443(2), a defendant may remove a state criminal prosecution for "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2) "Section 1443(2) provides this privilege of removal only for state and federal

officers, and their agents." *Cave v. Florida*, 814 F. App'x 555, 557 (11th Cir. 2020) (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & n.22 (1966)).

Section 1443(2) provides no basis for Cottrell to remove his state criminal prosecution to federal court, because he is not a state or federal officer, nor an agent of either. *See Peacock*, 384 U.S. at 824 & n.22; *see also Cave*, 814 F. App'x at 557.

Because it plainly appears from the face of Cottrell's notice of removal that there is no basis for him to remove his state criminal prosecution to federal court, Cottrell's state prosecution should be remanded to the state court. *See, e.g., Daker*, 853 F. App'x at 516–17 (dismissing defendant's notice of removal of state criminal prosecutions because he failed to satisfy 28 U.S.C. § 1443(1)); *Cave*, 814 F. App'x at 557 (same); *Weber*, 665 F. App'x at 851–82 (same); *Lomax v. Florida*, 472 F. App'x 902, 902–03 (11th Cir. 2012) (same).

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Cottrell's notice of removal, Doc. 1, be **DISMISSED**.

2. Cottrell's criminal case, Bay County Circuit Court Case No. 2022-CF-1460, be **REMANDED** to the Fourteenth Judicial Circuit Court in and for Bay County, Florida.

3. The clerk of court be directed to take all steps necessary to effect the remand, and close this case file.

At Panama City, Florida, this 17th day of July, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only. A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**